O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | | |
|---|---|---|
| YANIQUE O. THIONG, | ) | Case No. CV 09-00145-MLG |
| | ) | |
| Plaintiff, | ) | MEMORANDUM OPINION AND ORDER |
| | ) | |
| v. | ) | |
| | ) | |
| MICHAEL J. ASTRUE, Commissioner of the Social Security Administration, | ) ) ) ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff Yanique O. Thiong ("Plaintiff") seeks judicial review of the Commissioner's final decision denying her application for Disability Insurance Benefits (DIB). For the reasons stated below, the Commissioner's decision is affirmed and this action is dismissed with prejudice.

**I.   Factual and Procedural Background**

Plaintiff was born on June 28, 1954. (Administrative Record ("AR") at 162). She has relevant work experience as a nursing assistant and a companion. (AR at 19-20). Plaintiff has a high school education and

training as a certified nursing assistant. (AR at 20).

Plaintiff filed an application for DIB on October 5, 2005, alleging that she has been disabled and unable to work since May 10, 2005, due to back pain, left ankle pain, and migraine headaches. (AR at 10, 162-66, 211). Plaintiff's application was denied initially and upon reconsideration. (AR at 10, 104-09).

On October 18, 2007, an administrative hearing was held before Administrative Law Judge Zane A. Lang ("the ALJ"). (AR at 73-102). Plaintiff, who was represented by counsel, testified in her own behalf. (AR at 73-102). A vocational expert also testified at the hearing. (AR at 96-100). The hearing was continued on February 13, 2008. (AR at 33-72). Once again Plaintiff testified. (AR at 33-72). A vocational expert and a non-examining medical expert also testified at the hearing. (AR at 40-59).

On April 7, 2008, the ALJ issued a decision concluding that Plaintiff was not disabled. (AR at 10-21). The ALJ found that Plaintiff has not engaged in substantial gainful activity since her alleged onset date, and suffers from severe impairments, including lumbar strain and sprain, fibromyalgia, chronic fatigue syndrome, obesity, hypertension, headaches, and Haglund's deformity (bony enlargement of the back of the heel). (AR at 11). The ALJ found that Plaintiff's impairments does not meet or medically equal one of the listed impairments in 20 C.F.R., Part 404, Subpart P, Appendix 1. (AR at 18). The ALJ considered Plaintiff's application in the context of three distinct time periods: (1) Plaintiff's alleged onset date of May 10, 2005, through May 4, 2007; (2) May 5, 2007, when the record established that Plaintiff first came down with from Haglund's deformity, through December 22, 2007, the date Plaintiff recovered from surgery to correct Haglund's deformity; and (3)

December 23, 2007, through the date of the ALJ's decision, April 7, 2008. (AR at 18-19). The ALJ determined that Plaintiff was capable of performing the full range of light work during the first and third time periods. (AR at 18, 20). With respect to the second time period, the ALJ found that Plaintiff was limited to less than the full range of light work[1] and that the medical vocational guidelines directed a finding of not disabled. (AR at 18-21); see 20 C.F.R. Pt. 404, Subpt. P, App. 2, Rule 202.13.[2] While Plaintiff was restricted to less than the full range of light work during the second time period, that period only lasted for only six months and did not result in a closed period of disability. (AR at 19-20).

On October 3, 2008, the Appeals Council denied review, and the ALJ's decision became the final decision of the Commissioner. (AR at 1-3). Plaintiff then commenced this action for judicial review.

The parties filed a Joint Stipulation of disputed issues on September 15, 2009. Plaintiff contends that the ALJ's assessment of Plaintiff's residual functional capacity is not supported by substantial

---

[1] Specifically, the ALJ found that Plaintiff was capable of lifting and/or carrying 20 pounds occasionally and 10 pounds frequently, standing and walking two hours in an eight-hour workday, and sitting without limitation. (AR at 18).

[2] The Court notes that the ALJ cited two Rules under the guidelines in support of his finding that Plaintiff was not disabled - Rule 202.13 and Rule 202.18. (AR at 19-20). Rule 202.13 applies to individuals limited to the full range of light work, who are closely approaching advanced age (50 to 54 years old) and have a high school education or more. See 20 C.F.R. Pt. 404, Subpt. P, App. 2, Rule 202.13. Rule 202.18, on the other hand, pertains to younger individuals (18 to 49 years old) with limited or less education and no transferable skills. See 20 C.F.R. Pt. 404, Subpt. P, App. 2, Rule 202.18. As Plaintiff was in the closely approaching advanced age category during the relevant time periods and has vocational training in excess of a high school education, it appears that the ALJ simply made a typographical error by citing to Rule 202.18 in the decision.

evidence, and that the ALJ failed to articulate sufficient reasons for rejecting Plaintiff's subjective symptom testimony. (Joint Stipulation at 3-5, 8-12, 16-18). Plaintiff seeks remand for payment of benefits or, in the alternative, remand for further administrative proceedings. (Joint Stipulation at 18). The Commissioner requests that the ALJ's decision be affirmed. (AR at 18). The Joint Stipulation has been taken under submission without oral argument.

## II. **Standard of Review**

Under 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits. The Commissioner's decision should be upheld if it is free from legal error and supported by substantial evidence based on the record as a whole. 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantial evidence means "more than a mere scintilla," *Perales*, 402 U.S. at 402, but less than a preponderance. *Sorenson v. Weinberger*, 514 F.2d 1112, 1119, n. 10 (9th Cir. 1975). It is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Perales*, 402 U.S. at 401; *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1996). To determine whether substantial evidence supports a finding, the reviewing court "must review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." *Reddick*, 157 F.3d at 720. "If the evidence can reasonably support either affirming or reversing," the reviewing court "may not substitute its judgment" for that of the Commissioner. *Id.* at 720-721.

//

//

**III. <u>Discussion</u>**

    **A.   Residual Functional Capacity**

Plaintiff challenges the ALJ's assessment of her residual functional capacity as not supported by substantial evidence. (AR at 3-5). In particular, Plaintiff contends that the ALJ failed to properly evaluate her fibromyalgia and chronic fatigue syndrome, and misinterpreted the opinion of her rheumatologist, Dan T. La, M.D. (Joint Stipulation at 3-5, 8-9). Contrary to Plaintiff's contentions, the ALJ's findings are supported by substantial evidence. *See Perales*, 402 U.S. at 401.

In November 2007, Plaintiff was referred to Dr. La to rule out fibromyalgia. (AR at 14, 553). Plaintiff reported suffering from total body pain, chronic fatigue, gastrointestinal symptoms, lack of energy, throbbing and burning pain in her legs, and pain in her neck and trapezius muscles. (AR at 553). Dr. La noted that Plaintiff admitted to leading a sedentary life style. (AR at 553). Upon examination, Plaintiff exhibited 14 out of 18 positive fibromyalgia tender points. (AR at 554). Dr. La diagnosed Plaintiff with fibromyalgia and chronic fatigue syndrome.[3] (AR at 555). Dr. La concluded, in part:

> Usually, the myofascial pains associated with fibromyalgia will improve with adequate sleep and aerobic activity. The patient is encouraged to increase aerobic activity. I will give her a pamphlet with information regarding fibromyalgia.

(AR at 555). Dr. La did not assess Plaintiff with any work-related

---

[3] Dr. La also diagnosed Plaintiff with depression, insomnia, peptic ulcer disease, hypertension, dyslipidemia, and obesity. (AR at 15). The ALJ found that depression, peptic ulcer disease and insomnia were not severe impairments. (AR at 15). Plaintiff does not appear to challenge these findings.

limitations.

In the decision, the ALJ emphasized Dr. La's finding about Plaintiff's sedentary lifestyle. (AR at 15). The ALJ equated Dr. La's recommendation that Plaintiff engage in aerobic activity with an ability to perform light exertional activity. (AR at 15, 17). Although Dr. La did not issue a medical source statement, a review of the record as a whole supports the ALJ's assessment of Plaintiff's residual functional capacity.

The examining orthopedist, Hagun Lee, M.D., and the State Agency physician, K. Beig, M.D. gave opinions regarding Plaintiff's ability to work. (AR at 12-13, 17-19, 370-81). In February 2006, Dr. Lee conducted an orthopedic evaluation of Plaintiff. (AR at 370-73). During his examination, Dr. Lee took Plaintiff's history, made clinical observations, reviewed the Plaintiff's medical records, and ordered x-rays of Plaintiff's lumbosacral spine. (AR at 370-73). Dr. Lee diagnosed Plaintiff with low back strain and left ankle sprain. (AR at 373). Based on his findings, Dr. Lee concluded that Plaintiff was capable of medium work, including lifting and/or carrying 50 pounds occasionally and 25 pounds frequently; sitting six hours in an eight-hour period, and standing and/or walking six hours in an eight-hour period. (AR at 373).

The State Agency physician, Dr. Beig, also found that Plaintiff was able to perform medium work. (AR at 374-81). As Dr. La did not identify any exertional restrictions due to Plaintiff's fibromyalgia or chronic fatigue syndrome, his opinion did not conflict with Dr. Lee's and Dr. Beig's conclusions. Although the ALJ ultimately assessed Plaintiff with the more restricted residual functional capacity of a range of light work, the functional capacity to perform medium work also encompasses the ability to perform the exertional requirements of light work. 20

C.F.R. § 404.1567(c); *Sample v. Schweiker,* 694 F.2d 639, 642 (9th Cir. 1982) ("In reaching his findings, [an ALJ] is entitled to draw inferences logically flowing from the evidence ... [and] need not substitute the judgment of expert witnesses for his own"; citations omitted). Thus, the ALJ's assessment of Plaintiff's residual functional capacity is supported by substantial evidence.

Plaintiff further contends that the ALJ had a duty to recontact Dr. La to clarify his opinion regarding Plaintiff's ability to perform work activities. (Joint Stipulation at 4-5, 8-9). Plaintiff has not established error in this regard.

The ALJ has a duty to fully and fairly develop the record and assure that a claimant's interests are considered. *See, e.g., DeLorme v. Sullivan*, 924 F.2d 841, 849 (9th Cir. 1991). One aspect of the ALJ's duty is the obligation to request that all acceptable medical sources provide a statement about what a claimant can still do despite her impairments. 20 C.F.R. § 404.1513(b)(6). The claimant, however, bears the burden of presenting evidence within her control that shows eligibility for benefits. *See, e.g.*, 20 C.F.R. §§ 404.704-.750; *see also Meanel V. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). Moreover, "the lack of the medical source statement will not make the report incomplete." 20 C.F.R. § 404.1513(b)(6).

As discussed above, the ALJ properly based his determination of the type of work Plaintiff could perform on the opinions of the other doctors of record. The lack of a medical source statement from Dr. La did not render the record ambiguous or inadequate. 20 C.F.R. § 404.1513(b)(6); *Mayes v. Massanari*, 276 F.3d 453, 459-60 (9th Cir. 2001) (explaining that the ALJ's duty to develop the record is triggered if the record is ambiguous or undeveloped). Moreover, there is no

indication that a medical source statement from Dr. La would have altered the ALJ's assessment of Plaintiff's residual functional capacity. Thus, Plaintiff has not demonstrated prejudice or unfairness. *See Cruz v. Schweiker*, 645 F.2d 812, 814 (9th Cir. 1981) (holding that a claimant must "demonstrate prejudice or unfairness in the proceedings" to warrant reversal for an ALJ's failure to develop the record).

### B.   Plaintiff's Subjective Pain Testimony

Plaintiff contends that the ALJ erred by discounting her subjective symptom testimony. (Joint Stipulation at 10-12, 16-18). At the hearing, Plaintiff testified that she suffers from fatigue, bleeding in her bowel, stomach problems, high blood pressure, high cholesterol, sensitive skin, and pain in her bones and throughout her body, including her legs, ankles, feet, and back. (AR at 86-92). Plaintiff also complains that she is unable to sit or stand for prolonged periods. (AR at 91).

The determination of credibility and the resolution of conflicts in the testimony are functions of the ALJ acting on behalf of the Commissioner. *Morgan v. Commissioner of Social Security*, 169 F.3d 595, 599 (9th Cir. 1999). In general, an ALJ's assessment of credibility should be given great weight. *Nyman v. Heckler*, 779 F.2d 528, 531 (9th Cir. 1985). However, once a claimant has presented medical evidence of an underlying impairment, the ALJ may not discredit the claimant's testimony regarding subjective pain and other symptoms merely because the symptoms, as opposed to the impairments, are unsupported by objective medical evidence. *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035-36 (9th Cir. 2007); *Reddick*, 157 F.3d at 722; *Light v. Soc. Sec. Admin.*, 119 F.3d 789, 792 (9th Cir. 1997). "'[T]he ALJ can reject the claimant's testimony about the severity of her symptoms only by offering

specific, clear and convincing reasons for doing so.'" *Lingenfelter*, 504 F.3d at 1036 (quoting *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996)).

Here, the ALJ determined that Plaintiff's medically determinable impairments could have reasonably been expected to produce Plaintiff's reported symptoms, but that the intensity, persistence and limiting effects of those symptoms were not credible to the extent alleged. (AR at 19). The ALJ's decision was supported by substantial evidence.

In making the adverse credibility determination, the ALJ properly cited inconsistent statements in Plaintiff's testimony. (AR at 15-16); *see Fair v. Bowen*, 885 F.2d 597, 604 n. 5 (9th Cir. 1989) (explaining that the ALJ may employ ordinary techniques of credibility evaluation and may take into account prior inconsistent statements or a lack of candor by the witness). For example, Plaintiff made contradictory statements about the exertional requirements of her past work as a companion. (AR at 15-16). At the October 2007 hearing, Plaintiff testified that her work as a companion involved, some driving and laundry, but no shopping, cleaning, or much lifting. (AR at 79-80). When asked whether she had to lift up to ten pounds, Plaintiff responded "[n]ot even ten pound[s], not even ten pound[s]." (AR at 81). At the hearing held in February 2008, however, Plaintiff testified that her job as a companion involved a variety of exertional activities, including cleaning, cooking, bathing and dressing her client, and turning her client over in bed every two hours. (AR at 59-64, 93-95); *see Fair*, 885 F.2d at 604 n.5; *Tonapetyan v. Halter*, 242 F.3d 1144, 1148 (9th Cir. 2001).

The ALJ also properly questioned Plaintiff's credibility due to an inconsistency between her statements and the medical record. (AR at 13).

During her examination with Dr. Lee, Plaintiff reported that she underwent shoulder surgery in July 2003. (AR at 370). However, there was no evidence of any shoulder surgery in the record. (AR at 13, 370). *See Light*, 119 F.3d at 792 (upholding ALJ's finding that a claimant generally lacks credibility as a permissible basis for rejecting claimant's testimony).

In sum, the ALJ provided clear and convincing reasons for discounting Plaintiff's subjective symptom testimony. As such, remand is not warranted.

**IV. Conclusion**

Based upon the applicable legal standards, the Court finds that the decision of the Commissioner is supported by substantial evidence and that the Commissioner applied the proper legal standards.

Accordingly, **IT IS ORDERED** that the decision of the Commissioner is **AFFIRMED**.

Dated: October 28, 2009

_____
Marc L. Goldman
United States Magistrate Judge